IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
AMARILLO DIVISION

| | | |
|---|---|---|
| LARRY KIRK POINTER, | § | |
| | § | |
| Petitioner, | § | |
| | § | |
| v. | § | 2:18-CV-133-D |
| | § | |
| LORIE DAVIS, Director, | § | |
| Texas Department of Criminal Justice, | § | |
| Correctional Institutions Division, | § | |
| | § | |
| Respondent. | § | |

## FINDINGS, CONCLUSIONS AND RECOMMENDATION
## TO DENY PETITION FOR A WRIT OF HABEAS CORPUS

Petitioner has filed with this Court a Petition for a Writ of Habeas Corpus by a Person in State Custody challenging the result of two (2) prison disciplinary proceedings conducted at the Clements Unit in Amarillo, Texas. [ECF 3]. For the following reasons, petitioner's habeas application should be denied.

In order to challenge a prison disciplinary adjudication by way of a federal petition for a writ of habeas corpus, a petitioner must, at a minimum, be eligible for mandatory supervised release **and** have received a punishment sanction that included forfeiture of previously accrued good-time credits. *See Malchi v. Thaler*, 211 F.3d 953, 958 (5th Cir. 2000). In his habeas application, petitioner states he is presently serving a 50-year sentence for a September 23, 2011 conviction out of Tarrant County, Texas, but fails to identify the crime of which he was convicted. [ECF 3 at 2]. Review of the online Offender Information Detail maintained by the Texas Department of Criminal Justice, however, indicates petitioner was convicted on September 23,

2011 of the offense of murder, said offense committed April 28, 2009. *State v. Pointer*, No. 1244911R. The mandatory supervision statute in effect when petitioner committed his murder offense stated, "An inmate may not be released to mandatory supervision if the inmate is serving a sentence for or has been previously convicted of . . . a first degree felony or a second degree felony under Section 19.02, [Texas] Penal Code" (murder). Texas Gov't Code § 508.149(a)(2) (2009). As petitioner is not eligible for mandatory supervised release, he may not challenge his prison disciplinary proceedings by way of a federal petition for a writ of habeas corpus. *See Malchi*, 211 F.3d at 958. Petitioner's habeas application should be DENIED.

## RECOMMENDATION

It is the RECOMMENDATION of the undersigned United States Magistrate Judge to the United States Senior District Judge that the petition for a writ of habeas corpus filed by petitioner LARRY KIRK POINTER be DENIED.

## INSTRUCTIONS FOR SERVICE

The United States District Clerk is directed to send a copy of these Findings, Conclusions and Recommendation to each party by the most efficient means available.

IT IS SO RECOMMENDED.

ENTERED June 19, 2018.

_____
LEE ANN RENO
UNITED STATES MAGISTRATE JUDGE

## * NOTICE OF RIGHT TO OBJECT *

Any party may object to these proposed findings, conclusions and recommendation. In the event parties wish to object, they are hereby NOTIFIED that the deadline for filing objections is

fourteen (14) days from the date of filing as indicated by the "entered" date directly above the signature line.  Service is complete upon mailing, Fed. R. Civ. P. 5(b)(2)(C), or transmission by electronic means, Fed. R. Civ. P. 5(b)(2)(E).  **Any objections must be filed on or before the fourteenth (14th) day after this recommendation is filed** as indicated by the "entered" date. *See* 28 U.S.C. § 636(b); Fed. R. Civ. P. 72(b)(2); *see also* Fed. R. Civ. P. 6(d).

Any such objections shall be made in a written pleading entitled "Objections to the Findings, Conclusions and Recommendation."  Objecting parties shall file the written objections with the United States District Clerk and serve a copy of such objections on all other parties.  A party's failure to timely file written objections shall bar an aggrieved party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings, legal conclusions, and recommendation set forth by the Magistrate Judge and accepted by the district court.  *See Douglass v. United Services Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996) (en banc), *superseded by statute on other grounds*, 28 U.S.C. § 636(b)(1), *as recognized in ACS Recovery Servs., Inc. v. Griffin*, 676 F.3d 512, 521 n.5 (5th Cir. 2012); *Rodriguez v. Bowen,* 857 F.2d 275, 276-77 (5th Cir. 1988).

HAB54\DISCIP\FCR\POINTER-133.INEL-MURDER:2